**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:22-CR-00002-RGJ-HBB**

**NEY ENRIQUE-PEREZ WILLIAMS**                                 **MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                                   **RESPONDENT/PLAINTIFF**

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

### I.       INTRODUCTION

Movant/Defendant Ney Enrique-Perez Williams filed *pro se* a motion to vacate under 28 U.S.C. § 2255 (DN 84).  Respondent/Plaintiff United States of America filed a response primarily arguing the Court should dismiss William's § 2255 motion as untimely under § 2255(f)(1) (DN 93).  Williams filed a reply contending his § 2255 motion is timely under § 2255(f)(4) (DN 94).

This matter is ripe for recommendation.  For the reasons set forth below, the undersigned recommends that Williams' § 2255 motion be **DISMISSED** as untimely, and the Court not issue a Certificate of Appealability.

### II.      BACKGROUND

Williams is a 44-year-old legal permanent resident who was born in Cuba (DN 84-6 PageID # 579; DN 37 PageID # 116).  He immigrated to the United States in 2000, when he was 18 years old (DN 84-6 PageID # 579-80).  Williams indicates that his mother and brother are both United States citizens by naturalization (DN 84-6 PageID # 579).  Initially, he lived with his family in Portland, Oregon (*Id.* at PageID # 580).  In 2002, Williams and his family moved to Louisville,

Kentucky (*Id.*).[1]  On January 4, 2022, a grand jury in the Western District of Kentucky issued a four-count indictment against Williams and his co-defendant Robert Hayes (DN 1).

Count 1 charged Williams and Hayes with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(ii)(II) (*Id.* at PageID # 1).  Count 3 charged that on August 24, 2021, Williams and Hayes possessed with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II), and 18 U.S.C. § 2 (*Id.* at PageID # 2).  Count 4 charged that on October 28, 2021, Williams possessed with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) (*Id.* at PageID # 2).

On September 8, 2022, Williams entered into a plea agreement with the United States (DN 27).  Williams agreed to enter a plea of guilty to Counts 1, 3, and 4 in the Indictment and the United States agreed to recommend a sentence of imprisonment at the lowest end of the applicable Guideline range, but not less than any mandatory minimum term of imprisonment required by law, and to recommend a three level reductions for acceptance of responsibility (*Id.* at PageID # 69-73).  Notably, the plea agreement included the following paragraph:

> Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty.  In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law.  Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or

---

[1] Williams indicates he has a 19-year-old daughter who resides in Louisville and is a United States citizen by birth (*Id.* at PageID # 579).

the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. ***Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States***.

(*Id.*at Page ID # 71) (emphasis added). Immediately above Williams' signature is an attestation that he has read the plea agreement "and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it" (*Id.* Page ID # 76-77).

On September 8, 2022, the District Judge conducted the change of plea hearing (DN 90 Transcript). The District Judge engaged in the following colloquy with Williams and his appointed counsel:

> THE COURT: Okay. I'm also required to inform you that if you're not a citizen of the United States or if you're a naturalized citizen of the United States, in addition to other possible penalties, ***a guilty plea may subject you to deportation***, exclusion or voluntary departure, or prevent you from obtaining or retaining your United States citizenship. ***Do you understand that***?
> THE DEFENDANT: ***Yes, I do***.
> THE COURT: And have you had an opportunity to talk to Mr. Mudd about the ***immigration consequences of a plea***?
> THE DEFENDANT: ***We did***.
> THE COURT: Okay. Mr. Mudd, same question to you, sir.
> MR. MUDD: Yes, Judge, we did discuss those and I informed him that we can't predict at this point what will happen. He is from Cuba originally, so as the court knows, that's constantly -- especially Cuba has been in flex substantially, so --
> THE COURT: Okay. Understood. . . .

(*Id.* at PageID # 601) (emphasis added). Williams entered a plea of guilty to Counts 1, 3, and 4 of the Indictment, pursuant to a Rule 11(c)(1)(B) plea agreement (DN 29).

On May 14, 2024, the District Judge sentenced Williams to 37 months imprisonment as to Counts 1, 3, and 4 in the Indictment, to be served concurrently, for a total term of 37 months imprisonment followed by five years of supervised release (DN 62 PageID # 201-04). The judgment was entered on May 20, 2024 (*Id.*).

3

Williams indicates in July of 2024, he surrendered himself a FCI Allenwood Low, a facility operated by the Bureau of Prisons ("BOP") to serve his sentence (DN 84-1 PageID # 556). Williams reports, while serving his sentence he enrolled in Evidence Base Recidivism Reduction programing activities to earn First Step Act time-credits (*Id.*). He also enrolled in the Residential Drug Abuse Program, that allows inmates who are United States citizens to earn up to one-year of time credits applied toward his sentence (*Id.*). Williams advises that based on his earned time credits the BOP calculated his release date to a half-way house to be November 27, 2025 (*Id.*) (citing DN 84-2, Exhibit A). But on September 15, 2025, the BOP informed him of a possible immigration/deportation detainer filed in his case (*Id.*) (citing DN 84-3, Exhibit B). Williams indicates on October 4, 2025, the BOP changed his status to "ALIEN" and terminated the half-way house placement initially awarded to him (*Id.*) (citing DN 84-4, Exhibit C). In response to Williams' Request for Administrative Remedy, the Warden of FCI Allenwood advised that he was not eligible to participate in the above-mentioned programs because of his status as an Immigration Hearing Program ("IHP") participant (*Id.*) (citing DN 84-5, Exhibit D). Williams reports he was also placed in a meeting with ICE officers who confirmed that removal proceedings will be initiated against him based on his conviction for an aggravated felony (*Id.* at PageID # 557). Williams advises that he is currently scheduled to appear before an immigration judge for removal proceedings (*Id.*).

On October 30, 2025, Williams signed his § 2255 motion to vacate, supporting memorandum, and declaration (DN 84 PageID # 552; DN 84-1 PageID # 574; DN 84-6 PageID # 581). The docket sheet indicates on November 3, 2025, the Clerk of the Court filed Williams' § 2255 motion, supporting memorandum, exhibits, and declaration (DN 84, DN 84-1 through DN

4

84-6). Williams claims a denial of his Sixth Amendment right to effective assistance of trial counsel based on counsel's failure to investigate and advise him that a guilty plea to the charges under 21 U.S.C. §§ 846, 841(a)(1) will constitute an aggravated felony under the immigration laws and result in his mandatory deportation from the United States (DN 84-1 PageID # 557, 564-73) (citing *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010); *Lee v. United States*, 582 U.S. 357, 365-71 (2017); *Rodriguez-Penton v. United States*, 905 F.3d 481, 488-89 (6th Cir. 2018)). Williams requests the Court grant his 2255 motion, allow him to withdraw his guilty plea, and allow him to renegotiate a guilty plea to an offense that does not result in his mandatory removal from the United States (*Id.* at PageID # 574).

In response, the United States primarily argues that Williams' § 2255 motion is time barred because he signed it on October 10, 2025, nearly five months after the limitations period expired (DN 93 PageID # 632-33). Alternatively, the United States contends that defense counsel provided effective assistance (*Id.* at PageID # 634-36).

On August 8, 2026, a search utilizing the Federal Bureau of Prisons Online Inmate Locater System revealed as of May 27, 2026, Williams (BOP Register Number 82178-509) is not in BOP custody.[2] On the same date, a search utilizing the United States Immigration and Customs Enforcement ("ICE") Online Detainee Locator System indicates Williams (ICE# A077672777) is in ICE custody at the Clinton County Correctional Facility in McElhattan, Pennsylvania.[3]

---

[2] https://www.bop.gov/inmateloc//index.jsp
[3] https://locator.ice.gov/odls/#/results

### III. CONCLUSIONS OF LAW

#### A. Jurisdiction

The undersigned will begin by addressing whether the Court has jurisdiction to address Williams' § 2255 motion. The applicable statute states that "[a] prisoner *in custody* under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As Williams filed his § 2255 motion while incarcerated, has yet to finish his term of supervised release and, to date, has yet to be deported, he remains "in custody" under § 2255(a), and the Court has jurisdiction to address his § 2255 motion. *See Oboh v. United States*, 769 F. Supp. 3d 796, 812-13 (E.D. Tenn. 2025).

#### B. Time Bar

The United States argues the Court should dismiss Williams' § 2255 motion as untimely under § 2255(f)(1) (DN 93). It argues that Williams' conviction became final on June 3, 2024, and he had one-year to file his motion to vacate (*Id.* at PageID # 633). The United States contends because Williams signed his § 2255 motion on October 10, 2025, nearly five months after the limitations period expired, it is time barred under § 2255(f)(1) and subject to summary dismissal (*Id.*) (citing *United States v. Castle*, No. 3:18-cr-46-RGJ, 2025 WL 2918033 (W.D. Ky. Oct. 14, 2025)). The United States rebuts Williams' reliance on § 2255(f)(4) by pointing out the record clearly indicates prior to entry of his guilty plea, Williams was advised and knew of the possible negative impact his guilty plea could have on his immigration status (*Id.* at PageID # 633-34) (citing DN 27 at ¶ 5, Plea Agreement; DN 90 PageID # 601, Transcript Change of Plea).

Williams contends his motion is timely under § 2255(f)(4) (DN 84-1 PageID # 558-61). Williams indicates he did not become aware that he was going to be deported until September 15, 2025, and he filed his motion within one year of that date (*Id.*). Williams claims his trial counsel failed to advise him of the deportation consequences and the Presentence Report ("PSR") indicated he is a United States citizen (*Id.* at PageID # 561). Williams points out the Court believed him to be a United States citizen because it imposed a term of supervised release; defense counsel believed him to be a citizen as he requested Williams be placed in a minimum-security camp; and the BOP classified him as a United States citizen because it enrolled him in the Residential Drug Abuse program (*Id.*).

There is a one-year statute of limitations that applies to motions to vacate filed by persons in custody pursuant to a federal court judgment. 28 U.S.C. § 2255(f). Specifically, the statute of limitations reads as follows:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The undersigned will begin by applying § 2255(f)(1) to the facts of the case. Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir.2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir.2002)). When a defendant does not pursue a direct appeal, the judgment becomes final upon the expiration of the period in which he could have filed the notice of appeal. *See Johnson v. United States*, 457 F. App'x 462, 464-65 (6th Cir. 2012).

Here, entry of judgment occurred on May 20, 2024 (DN 62). The judgment became final 14 days later, on June 3, 2024, because Williams did not file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Consequently, Williams' one-year period of limitation under § 2255(f)(1) expired on June 3, 2025. Williams signed his 2255 motion on October 10, 2025, more than four months after his period of limitation under § 2255(f)(1) expired. Thus, Williams' § 2255 motion is time barred if the Court applies § 2255(f)(1) to the case. Moreover, Williams' citation to *Padilla v. Kentucky*, 559 U.S. 356 (2010), *Lee v. United States*, 582 U.S. 357 (2017), and *Rodriguez-Penton v. United States*, 905 F.3d 481 (6th Cir. 2018) is misguided because these cases do not address the time bar issue.

The undersigned will now apply § 2255(f)(4) to the facts of the case. Williams asserts he did not know about the facts supporting his claim until he learned that he was going to be deported on September 15, 2025. But his assertion is plainly belied by the record. First, the plea agreement that Williams executed included an express warning that pleading guilty to the charges "may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States" (DN 27 at ¶ 5). Additionally, during the change of plea hearing, the District Judge expressly advised Williams that if he is not a citizen a plea of guilty may subject

him to deportation (DN 93 PageID # 634). The District Judge expressly asked Williams if he understood (*Id.*). And, while under oath, Williams responded in the affirmative (*Id.*). Further, the District Judge asked, and Williams confirmed that he had an opportunity to talk with his attorney about "the immigration consequence of a plea" (*Id.*). The District Judge then asked, and trial counsel confirmed that he discussed immigration consequences of a plea with Williams (*Id.*). Consequently, the Court's proper plea colloquy put Williams on notice about the possibility of deportation before he entered his guilty plea.

The Sixth Circuit has held that when a claim of ineffective assistance of counsel is premised on misleading advice regarding the consequences of a plea, a court's proper plea colloquy is deemed to cure any misunderstanding that the defendant may have about the consequences of the plea. *United States v. Pola*, 703 F. App'x 414, 423 (6th Cir. 2017) (citing *Ewing v. United States*, 651 F. App'x 405, 410 (6th Cir. 2016) (citation modified)); *see Thompson v. United States*, 728 F. App'x 527, 535 (6th Cir. 2018) (approving of the remark that the "Sixth Circuit has consistently upheld the validity of the plea-colloquy advisement of rights to preclude later claims of misunderstanding alleged to result from misleading advice"). More importantly, in response to a movant's § 2255(f)(4) argument, the Sixth Circuit found that the trial court's proper plea colloquy provided the movant with sufficient information—counsel failed to ask about her citizenship and explain the deportation consequences of the plea—to raise her ineffective assistance of counsel claim before the statute of limitations in § 2255(f)(1) expired. *United States v. Sferrazza*, 645 F. App'x 399, 401, 408-09 (6th Cir. 2016). Most circuit and district courts have determined that the change of plea hearing date is when the one-year period under § 2255(f)(4) would begin to run on a claim of ineffective assistance of counsel because that is when the court's proper plea colloquy

made the movant aware that deportation may be a consequence of the plea. *See e.g.*, *Clarke v. United States*, 703 F.3d 1098, 1099-1100 (7th Cir. 2012) (deeming the date of her guilty plea was the date on which her duty of diligent inquiry arose); *Superville v. United States*, 284 F. Supp. 3d 364, 371-72 (E.D. N.Y. 2018) (noting that most courts have held that a duly diligent petitioner would discover an ineffective assistance of counsel claim "if and when he was advised of possible deportation during a plea colloquy"); *United States v. Rodriguez-Trujillo*, No. 4:11-CV-00593-BLW, No. 4:08-CR-00240-BLW, 2013 WL 1314247, at *3 (D. Idaho Mar. 28, 2013) (same); *Tavira v. United States*, No. 8:11-CV-1010-T-27 TGW, No. 8:09-CR-453-T-27 TGW, 2011 WL 5975817, at *2 (M.D. Fla. Nov. 28, 2011); *Tacata v. United States*, Crim. No. 05-00030 SOM, Civ. No. 07-00008 SOM/LEK, 2007 WL 1303018, at *2 (D. Haw. May 2, 2007); *Salama v. United States*, No. 05CV1257(SJ), 2005 WL. 1661830, at *4-5 (E.D. N.Y. July 15, 2005). The reasoning of these courts is sound and should be applied here. Therefore, September 8, 2022, the date of Williams' change of plea hearing, is when his duty of diligent inquiry would have arisen under § 2255(f)(4).

Even if the Court were to accept Williams' claim that he did not understand that deportation was mandatory rather than possible under the applicable immigration statutes until he was informed of the detainer, he provides no explanation as to why he did not or could not discover this information in the more than three years between entry of his guilty plea and his being informed of the detainer. *See Superville*, 284 F. Supp. 3d at 371-72 (noting that most courts have held a duly diligent petitioner would discover an ineffective assistance of counsel claim if and when he was advised of possible deportation during a plea colloquy) (citations omitted). Thus, the date that Williams' duty of diligent inquiry arose under §2255(f)(4) is September 8, 2022. This

means that under § 2255(f)(4) Williams' one-year statute of limitations expired on September 8, 2023, and his § 2255 motion is untimely. Since § 2255(f)(4) provides an earlier filing date in this case, the undersigned recommends that the Court apply § 2255(f)(1) and find the statute of limitations for Williams' claims began to run on June 3, 2024, when his judgment of conviction became final.

The undersigned has also considered whether Williams is entitled to an equitable tolling. The substantial time-lapse between entry of the judgment and his being informed of the deportment detainer strongly suggests that Williams failed to pursue his rights diligently. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling the movant must show he has been pursuing his rights diligently and some extraordinary circumstance prevented a timely filing). Additionally, he points to no extraordinary circumstances that prevented a timely filing. *Id.* Thus, Williams would not be entitled to an equitable tolling.

The final issue is whether a Certificate of Appealability should be issued on Williams' § 2255 motion. Because the undersigned is recommending that the Court reject his § 2255 motion on a procedural basis, Williams must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The undersigned concludes that no reasonable jurist would find it debatable that Williams' § 2255 motion is time barred because of the amount of time that passed since his period of limitation expired and the patent inapplicability of 28 U.S.C. § 2255(f)(4) to his claim. Therefore, the undersigned recommends that a Certificate of Appealability not be granted as to Williams' 2255 motion to vacate.

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that Williams' motion to vacate (DN 84) be **DISMISSED** as time barred and that a Certificate of Appealability be **DENIED** as to his motion to vacate.

August 6, 2026

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

## V.    NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

August 6, 2026

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:        Counsel of Record
                    Ney Enrique-Perez Williams